UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMIKA McIVER, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| vs. ) | |
| ) | |
| NSORO MASTEC, LLC; and ) | |
| MASTEC, INC., ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff Jamika McIver ("Plaintiff" or "Ms. McIver") respectfully submits this Complaint against Defendants Nsoro Mastec, LLC ("Nsoro" or the "Company") and MasTec Inc. ("Mastec" collectively with Nsoro as "Defendants") for violations 15 U.S.C. §78u-6, the Dodd-Frank Whistleblower Act ("Dodd-Frank"). Defendants terminated Ms. McIver's employment in reprisal for Ms. McIver's disclosure of the Defendants' accounting violations to the Securities Exchange Commission ("SEC") Whistleblower Program.

## STATEMENT OF FACTS

1.  Ms. McIver worked for Defendants in their corporate offices located in Atlanta, Georgia. On or about December 6, 2011, Defendants terminated Ms.

1

McIver.  This termination was an act of revenge on a whistleblower.

2. Several months earlier, starting on or about June 2011, Ms. McIver began to voice concerns to Defendants' management over fraudulent accounting practices.  Specifically, Ms. McIver voiced concerns over receiving instructions from supervisors to generate fictitious invoices to inflate Defendants' revenues.

3. After management did not properly address Ms. McIver's concerns, Ms. McIver filed a complaint with the SEC Whistleblower Program on or about August 2011.

4. In the months leading up to her termination, Ms. McIver informed her supervisors, including the HR Manager, the HR Supervisor, Ms. McIver's direct manager, and the Company's controller that she had filed a complaint with the SEC.  There were additional Company employees present during these discussions as well.

5. Ms. McIver also voiced her concerns in a written email to management, explaining her concerns and the fact that she filed a whistleblower complaint with the SEC.  Approximately two weeks later, the Company responded quickly and terminated Ms. McIver's employment.

6. Accordingly, Ms. McIver is entitled to and requests compensatory damages, including reinstatement, back pay with interest, costs, attorneys' fees, and any other relief to which she is entitled, including punitive damages.

## PARTIES

7. Plaintiff, Jamika McIver, is a resident of Georgia.

8. Defendant, Nsoro Mastec, LLC, is a Delaware Corporation with corporate headquarters in Georgia. Nsoro is a 100% owned subsidiary of Defendant MasTec, Inc. Defendant Nsoro Mastec, LLC, may be served with process by and through its registered agent in Gwinnett County, Corporation Service Company, 40 Technology Parkway South #300, Norcross, Georgia 30092.

9. Defendant, MasTec, Inc., is a Florida Corporation with its corporate headquarters and principal place of business in Florida. Defendant, MasTec, Inc., trades on the NYSE under the ticker symbol "MTZ." Pursuant to the Georgia Long-Arm statute, Defendant MasTec, Inc., may be served with process by and through its registered agent in Leon County, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

## JURISDICTION AND VENUE

10. Pursuant to 28 U.S.C. §1331, this Court has jurisdiction over this civil action for damages, which arise under the Dodd-Frank Whistleblower Act, 15 U.S.C. §78u-6.

11. Pursuant to 28 U.S.C. §1391, venue is appropriate in this judicial district because a substantial part of the events that give rise to Ms. McIver's claims occurred in this district.

## COUNT ONE

### Violations of Dodd-Frank Whistleblower Statute

12. Plaintiff realleges and incorporates by reference herein each and every allegation contained in the preceding paragraphs.

13. Section 922 of the Dodd-Frank Whistleblower Act, 15 U.S.C. §78u-6, as incorporated into Rule 21F of the Securities Exchange Act of 1934, prohibits any employer from terminating an employee because of any lawful act done by the whistleblower in providing information to the SEC regarding a possible violation.

14. Ms. McIver alerted her supervisors at Nsoro Mastec of possible fraudulent accounting practices.

15. Ms. McIver also reported the possibly fraudulent accounting practices to the SEC.

16. Ms. McIver informed her supervisors, both verbally and in writing, that she had reported those accounting practices to the SEC.

17. Regardless of whether the SEC eventually levies a fine on Defendants or whether Ms. McIver receives an award for her whistleblowing complaint, Defendants are liable for her retaliatory termination. By reason of the foregoing, Defendants signally or in concert, directly or indirectly, violated Section 922 of the Dodd-Frank Whistleblower Statute, 15 U.S.C. §78u-6, as

incorporated into Rule 21F of the Securities Exchange Act of 1934.

## **JURY DEMAND**

18.     Plaintiff demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that after due proceedings be had, the court render judgment in favor of the Plaintiff and award her damages including reinstatement, back pay with interest, costs, attorneys' fees, and any other relief to which she is entitled including punitive damages.

Dated:  June 11, 2012               Respectfully submitted,


 /s/ C. Andrew Childers
C. Andrew Childers
CHILDERS, SCHLUETER & SMITH, LLC
1932 N. Druid Hills Road, Suite 100
Atlanta, Georgia  30319
Telephone: 404-419-5000
achilders@cssfirm.com

Joseph C. Peiffer (*pro hac vice* to follow*)*
Daniel J. Carr (*pro hac vice* to follow*)*
FISHMAN HAYGOOD PHELPS
WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
jpeifer@fishmanhaygood.com
dcarr@fishmanhaygood.com

Garret W, Wotkyns (*pro hac vice* to follow*)*
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY, LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94101
Telephone:  (850) 435-7068
gwotkyns@schniederwallace.com

Peter J. Mougey (*pro hac vice* to follow*)*
James L. Kauffman (*pro hac vice* to follow*)*
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR,
P.A.
316 South Baylen Street, Suite 600
Pensacola, Florida  32502-5996
Telephone:  (850) 435-7068
pmougey@levinlaw.com
jkauffman@levinlaw.com

***Attorneys for Plaintiff***